**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LML PATENT CORP.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 2-09-CV-180** |
| v. | § | |
| | § | **JURY TRIAL REQUESTED** |
| **Texas National Heritage Bank, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**LML'S OPPOSITION TO COMERICA, INCORPORATED'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff LML Patent Corp. ("LML") files this opposition to Comerica Incorporated's ("Comerica") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (the "Motion") (Dkt. 77).

## I. INTRODUCTION

Out of 7 defendants in this case, only Comerica moved to dismiss Plaintiff LML's First Amended Complaint ("Complaint") (Dkt. 57), pursuant to Fed. R. Civ. P. 12(b)(6). The reason is simple: the Complaint pleads LML's causes of action with the specificity required by the Federal Rules of Civil Procedure ("Federal Rules") and places Comerica on notice of what it must defend. Contrary to Comerica's assertion, LML has identified the accused products and services (payment services) with sufficient specificity to meet the requirements of Rule 8, *Twombly,* and *Iqbal.* LML's Complaint conforms to Form 18—the model patent infringement pleading ***specifically identified*** in the Federal Rules—by identifying the accused products and services with sufficient detail to satisfy sample Form 18. The Federal Circuit has explicitly considered patent complaints in light of *Twombly* and determined that compliance with the

sample forms in the Federal Rules suffices to put a defendant on notice of the claims asserted against it.

The Complaint also puts Comerica on notice of LML's indirect infringement allegations. Rule 8 does not require that LML plead each individual element of indirect infringement to state a claim.  LML's Complaint notifies Comerica of the indirect infringement claims against it (namely, liability for contributory infringement and inducement of infringement) and of the grounds upon which those claims rest (namely, Comerica's manufacture, importation, sale, offering for sale, and/or use of payment services without authority or license of LML).  In so doing, LML has complied with Rule 8.

## II.  STANDARD OF REVIEW

Motions to dismiss under FRCP 12(b)(6) are "viewed with disfavor and [are] rarely granted."  *Tune Hunter Inc., v. Samsung Telecommunications America* (2:09-CV-148)*, LLC*, 2010 WL 1409245, *2 (E.D. Tex. April 1, 2010) (Ward, J.) (citing "*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir 2000)).  "Relying on *Twombly,* the Federal Circuit recently pronounced what is required to state a claim for patent infringement: 'a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend.'" *Id.* (citing *McZeal v. Spring Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007)).  A party moving for relief under Federal Rule 12(e), is entitled to relief only if the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e); *see also Fotomedia v. AOL, LLC (*2:07-CV-255), 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, J.).

## III.  ARGUMENT AND AUTHORITIES

A.     LML's Complaint Meets the Requirements of Form 18 of the Federal Rules

The Federal Rules include forms in an appendix that serve as guidelines for drafting

complaints.  The form applicable to complaints for patent infringement, Form 18, states that:

**Form 18.**   **Complaint for Patent Infringement**

(Caption—See Form 1.)

1. (Statement of Jurisdiction—See Form 7.)
2. On _date_, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an _electric motor_. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using _electric motors_ that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all _electric motors_ it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and
(c) interest and costs.
(Date and sign—See Form 2.)

(Added Apr. 30, 2007, eff. Dec. 1, 2007.)

Fed. R. Civ. P. App. Form 18.

Rule 84 of the Federal Rules states that these forms, including Form 18, are examples of

the brevity and simplicity of the pleading requirements **and** are sufficient to state a claim.  Fed.

R. Civ. P. 84.  ("The forms in the Appendix *suffice under these rules* and illustrate the

simplicity and brevity that these rules contemplate") (emphasis added); *see also McZeal v. Sprint*

*Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the forms contained in the appendix to the Federal Rules "plainly demonstrate" the requirements for pleadings)); *see also Tune Hunter Inc.,* 2010 WL 1409245, *3 (noting that Form 18 "provides an exemplary complaint .. . . ."). Significantly, Form 18 has been held to apply to claims of direct infringement, indirect infringement, and willful infringement. *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-80 (N.D. Ga. 2007) (holding that Rule 84 controls and that the statements in Form 18 are sufficient for pleading direct, indirect, and willful infringement).

The Federal Circuit has held that a pleading conforming to Form 18 satisfies the pleading standards imposed by the Federal Rules after *Twombly.* In *McZeal*, the Federal Circuit held that pleadings in patent cases are governed by Rule 8(a) and the illustrative forms included in the appendix, and that use of those forms is sufficient after *Twombly. McZeal,* 501 F.3d 1354, 1356-57. The court specifically relied on Form 18 as evidence of the information that should be included in a complaint for patent infringement and noted that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."[1] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 129 S. Ct. 1955, 1971 n.10 (2007)). The court went on to expressly conclude that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims in the asserted patent" in the pleadings. *Id.* at 1357; *see also Taltwell, LLC v. Zonet USA Corp.*, 2007 U.S. Dist. LEXIS 93465, at *40 (E.D. Va. Dec. 19, 2007) ("[Plaintiff] need not specify which claims of the [patent] have been performed by the allegedly infringing products.").

---

[1]  *McZeal* refers to "Form 16" instead of "Form 18" in its opinion. The forms were renumbered in the 2007 amendments to the Federal Rules. Only the form number changed—the content of "Form 16" and "Form 18" are the same.

As detailed in footnote 4 below, *McZeal*'s stance has been adopted by district courts in at least the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits—including courts in the EDTX. Accordingly, although *Iqbal* applies the reasoning in *Twombly* to "all civil actions,"[2] it is clear that Form 18 defines the requirements for complaints in patent cases. Or, put another way, complaints for patent infringement that track Form 18 satisfy the relevant pleading requirements. Fed. R. Civ. P. 84; *see also McZeal*, 501 F.3d 1354, 1356-57; *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-80.

LML's Complaint satisfies the requirements of Form 18, and thus *Iqbal* and *Twombly*. Form 18 identifies "electric motors" as the accused product. LML's Complaint identifies "products and services for payment services" (Dkt. No. 57 at ¶¶ 14-16) as infringing the '220 patent. LML's identification is at least as specific as the identification in Form 18. In addition to including the required Rule 18 elements in its pleading, LML attached the '220 patent to its Complaint as Exhibit A. (*Id.* at Ex. A.) The patent thus forms part of the Complaint, and must be treated as such. *See U.S. v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint, however, are part of the complaint 'for all purposes.'"). As Comerica and its counsel are aware, the '220 patent identifies the subject matter of the suit and its claims define (in much more detail than what is required by Form 18) the infringing products and services that are at issue in this case. As such, contrary to Comerica's claim that the Complaint "theoretically encompass virtually all of a bank's services" (Dkt. No. 77 at 6), the Complaint provides *even more* detail regarding the accused products and services than what is required by Form 18.[3] Even a cursory review of Exhibit A to the Complaint (the patent-in-suit)

---

[2] *Iqbal*, 129 S. Ct. at 1953.
[3] Comerica's claim that LML necessitated the instant motion by refusing to provide identification and description of the accused products and services is incorrect. As the email from Comerica's

reveals that the patent describes and reads on a variety of Automated Clearing House (ACH) services provided by Comerica. (*See, e.g.* Ex. A to Dkt. 57 at 3:4-6, 3:34-42, 4:61-65, 7:43-62, 10:43-50, 11:52-58, 12:13-21, 15:18-32, 17:16-22, 17:64-18:15, 18:23-36, 24:66-25:3, and Figs. 1, 3, & 7.) As such, LML's Complaint unquestionably provides "fair notice" under the Federal Rules. This conclusion is supported by the fact that *all of the remaining defendants in this action have already answered the Complaint*. (Dkt. Nos. 61-66.) In light of these multiple responsive pleadings, LML's Complaint is not unanswerable as Comerica claims.

 B. The EDTX Has Adopted *McZeal* and Denied Similar Motions

 Courts in the EDTX have adopted the Federal Circuit's holding in *McZeal* and have found that complaints similar to the instant complaint provide sufficient notice under the Federal Rules.[4]

---

in-house counsel (Dkt. No. 77-1) shows, Comerica prematurely requested claim charts and/or other materials that precisely mapped each claim to each accused product. Comerica did not request--because it did not need--information on the identity of the accused products. Moreover, as a courtesy, LML's counsel nevertheless provided Comerica with a claim chart pursuant to FRE 408.

[4] Courts in other Circuits have adopted the Federal Circuit's holdings in *McZeal* and the EDTX holding in *FotoMedia* in denying similar motions to dismiss and motions for more definite statements. *See, e.g.*, *Mark Iv Indus. Corp. v. Transcore, L.P.*, 2009 U.S. Dist. LEXIS 112069, at *7-9 (D. Del. Dec. 2, 2009) (rejecting the argument that *Iqbal* heightened the pleading requirements for patent infringement plaintiffs, citing *McZeal*, and denying defendant's motion to dismiss); *Sharafabadi v. Univ. of Idaho*, 2009 U.S. Dist. LEXIS 110904, at *7 (W.D. Wash. Nov. 27, 2009) (citing *McZeal* and noting "[t]he Federal Circuit and a range of district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard"); *Sorenson v. Dorman Prods.*, 2009 U.S. Dist. LEXIS 109706, at *4 (S.D. Cal. Nov. 24, 2009) (citing *McZeal* and denying a motion to dismiss); *Bender v. Nokia Inc.*, 2009 U.S. Dist. LEXIS 92482, at *1 (N.D. Cal. Oct. 2, 2009) (citing *McZeal* and denying a motion to dismiss); *Advanced Analogic Techs., Inc. v. Kinetic Techs., nc.*, 2009 U.S. Dist. LEXIS 57953, at *2 (N.D. Cal. July 8, 2009) (citing *McZeal* and denying a motion to dismiss "because the claim is pled in conformity with the Federal Rules of Civil Procedure, Appendix of Forms"); *S.O.I.T.E.C. Silicon on Insulator Tech., S.A. v. MEMC Elec. Matls*., Inc., No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, at *5 (D. Del. Feb. 20, 2009) (citing *FotoMedia* and holding that "[t]he complaint at bar provides the level of detail suggested by Form 18 and, therefore, passes muster"); *Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Prods., Inc.*, No. 1:08-CV-0750-JOF, 2009 U.S. Dist. LEXIS

In *FotoMedia,* the Court denied a motion to dismiss, relying on Form 18, Rule 8, and *McZeal*. *See FotoMedia Technologies, LLC v. AOL* (2:07-CV-255), 2008 WL 4135906, at *2-3 (E.D. Tex. Aug. 29, 2008) ("[T]he Federal Circuit recently considered the issue, albeit in the context of a *pro se* plaintiff, and rejected the argument that [*Twombly*] changed the pleading requirements of Rule 8(a) in patent infringement cases."). In fact, the Court found that there was "no merit" to the argument advanced by the defendant in that case (which is similar to the argument Comerica advances in the Motion) because the level of detail provided under Form 18 is sufficient for pleadings of direct infringement, indirect infringement, and willful infringement. *Id*. at *2 ("[T]he appropriate vehicles for clarification of the allegations are the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules . . .").

The Court performed a similar analysis and reached a similar result in *PA Advisors*. In that case, the Court cited *McZeal* and agreed that *Twombly* did not change the pleading requirements of Rule 8. *See PA Advisors, LLC v. Google, Inc.,* 2008 WL 4136426, *6-7 (E.D. Tex. August 8, 2008) (Folsom, J.). The Court denied the defendants' motion to dismiss, finding that the plaintiff "satisfied the liberal standards of Rule 8(a)." *Id*. at *6.

In another post-*Iqbal* decision, Judge Folsom again rejected some of Comerica's current arguments. *WIAV Networks v. 3Com Corp.*, (5:09-cv-00101-DF) (E.D. Tex. Dec. 15, 2009)

13094, at *6-10 (N.D. Ga. Feb. 19, 2009) (citing *FotoMedia*, adopting *McZeal*, and denying a motion to dismiss); *Edge Capture L.L.C. v. Lehman Bros. Holdings, Inc.*, No. 08 C 2412, 2008 U.S. Dist. LEXIS 83945, at *3-4 (N.D. Ill. Aug. 28, 2008) (adopting *McZeal* and denying a motion to dismiss allegations of both direct and indirect infringement); *Schwendimann v. Arkwright, Inc.*, No. 08-162 ADM/JSM, 2008 U.S. Dist. LEXIS 56421, at *5 (D. Minn. July 23, 2008) (denying a motion to dismiss and adopting *McZeal* as the standard likely to be applied in the Eighth Circuit); *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07cv543, 2007 U.S. Dist. LEXIS 93465, at *38-*39 (E.D. Va. Dec. 20, 2007) (adopting *McZeal* and denying a motion to dismiss); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-81 (N.D. Ga. 2007) (holding that *Twombly* did not alter pleading standards—"especially in the patent context" in view of the Federal Rules, the Forms in the Appendix, and the Local Patent Rules that "require plaintiffs to disclose a great deal of extremely detailed information").

(Folsom, J.) (Dkt. 303.)   Relying upon *McZeal*, the Court denied the defendant's motion to dismiss, noting that heightened fact pleading is not required under *Twombly*.  *Id*. at 5.  The Court went on to explain that even after *Iqbal* and *Twombly* a complaint need not "specifically describe how [the defendant's] products practice the claimed methods or systems."  *Id.*

Most recently, this Court relied on *McZeal* to hold that the following pleading was sufficient:

> [Defendants] either alone or in conjunction with others have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '275 patent in this judicial district and/or elsewhere in the United States by making, using selling, offering to sell, and/or importing and/or causing others to make, use , sell, offer to sell, and/or import, and or supplying or causing to be supplied in or from the United States and/or importing into the United States, music identification systems, devices, products, and/or components thereof that embody, are made by and/or are covered by, in whole or in part, one or more claims of the '275 patent.

*Tune Hunter Inc., v. Samsung Telecommunications America LLC* (2:09-CV-148)*, 2010 WL 1409245, \*4.

As this Court noted, "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be."  *Id.* (citing *PA Advisors, LLC v. Google, Inc.,* 2008 WL 4136426.  This Court held that the Patent Rule 3-1 disclosures are the appropriate vehicle for specifically identifying where each element of each asserted claim is found in an accused product.  *See id.*  "Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend."  *Id.* (citing *McZeal,* 501 F.3d 1354, 1357).[5]

---

[5] The cases cited by Comerica in which courts have dismissed patent claims post-*Twombly* for failure to meet the pleading standards of the Federal Rules are readily distinguishable.  For example, the Plaintiff in *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal.

Because LML's Complaint meets the requirements articulated by the Federal Rules, the Federal Circuit, and courts in the EDTX, LML respectfully asks the Court to deny the Motion.

C.   The Pleading Standards Are Not Heightened for Indirect Infringement

LML's Complaint places Comerica on notice that its actions, whether acting alone or in concert with others, infringe the patent-in-suit.  Nothing more is required.

The EDTX expressly affirmed the sufficiency of Form 18 for indirect infringement claims in *FotoMedia*.  In assessing the sufficiency of the plaintiff's allegations of indirect infringement in that case, the Court expressly held that "**neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement**."  *FotoMedia*, 2008 WL 4135906 at *2 (emphasis added).  The Court thus determined that an allegation that the defendants indirectly infringed the asserted patent by virtue of "making, using, selling, offering for sale, or importing" the accused product or service was sufficiently particular under the Federal Rules.  *Id.*; *see also One World Techs., Ltd. v. Robert Bosch Tool Corp.*, (04-CV-0833), 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. July 21, 2004) (upholding as sufficient an indirect infringement pleading similar to the one at issue here); *Jackson v. Illinois Bell Tel. Co.*, (01-CV-8001), 2002 U.S. Dist. LEXIS 13186, at *7-9 (N.D. Ill. July 8, 2002) (holding that plaintiff satisfied the notice pleading standard by pleading that "each of the defendants has infringed the patent in suit either directly or indirectly or through acts of contributory infringement or inducement") (citing

---

2007) utterly failed to identify *any* accused product.  *Bender v. Motorola Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076 (N.D. Cal. Feb. 26, 2010) is similarly distinguishable.  The Court in *Bender* found that the plaintiff's complaint did not provide all of the information required by Form 18 because "[n]owhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product or line of products, that allegedly infringe the '188 Patent." *Id.* at *6 (emphasis added).  The multiplicity of product lines accused by the plaintiff impacted the Court's finding.  *Id.* at *6-7.  There is no such confusion here, where LML has identified only one type of accused product and service.

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

Because the Complaint satisfies Form 18 and notifies Comerica of the indirect infringement claims against it (namely, liability for contributory infringement and inducement of infringement) and of the grounds upon which those claims rest (namely, Comerica's manufacture, importation, sale, offering for sale, and/or use of payment services without authority or license of LML, (Dkt. No. 57 at ¶¶ 15, 17-18), Comerica's arguments with regard to indirect infringement are misplaced.

       D.     <u>Comerica's Request for a More Definite Statement Fails to Meet the Required Legal Standard</u>

A party moving for relief under Federal Rule 12(e), is entitled to relief only if the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see also Fotomedia v. AOL, LLC (*2:07-CV-255), 2008 WL 4135906. In *Fotomedia,* Judge Everingham recommended denying the defendants' Federal Rule 12(e) motion because "[t]he pleading is not so vague that the defendants cannot reasonably be required to frame a responsive pleading. As such, the standard applicable to Rule 12(e) has not been satisfied. *Fotomedia,* 2008 WL 4135906, *3. As discussed *supra,* LML's pleading in the Complaint tracks Form 18 and adequately places Comerica in a position to properly frame a responsive pleading.

## IV.  CONCLUSION

For the foregoing reasons, LML respectfully submits that its Complaint meets the pleading requirements of the Federal Rules and respectfully requests that the Court deny the Motion. Alternatively, should the Court find the present Motion to have merit, LML requests leave to amend its Complaint against Comerica. *See* Fed. R. Civ. P. 15(a) (providing that leave

to amend pleadings shall be "freely give[n]" when "justice so requires"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

DATED:  July 2, 2010.

Respectfully submitted,

*/s/ Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903-934-8450
Facsimile:  903-934-9257
Melissa@gillamsmithlaw.com

Theodore Stevenson, III
Lead Attorney
Texas Bar No. 19196650
tstevensom@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
acurry@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4974
Facsimile: 214-978-4044

Michael S. Perez
Texas Bar No. 24002752
mperez@mckoolsmith.com
Daniel W. Sharp
Texas Bar No. 24041902
dsharp@mckoolsmith.com
John Garvish
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: 512-692-8725
Facsimile: 512-692-8744

Sam F. Baxter
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: 903-927-2111
Facsimile: 903-927-2622

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 2nd day of July, 2010.


 */s/ Melissa Richards Smith*
Melissa Richards Smith