IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LML Patent Corp., | § | |
| | § | |
| v. | § | CASE NO. 2:09-cv-00180-TJW |
| | § | |
| National Bank of Daingerfield, et al. | § | |

**ORDER**

**I. Introduction**

Pending before the Court is Defendant Comerica, Incorporated's ("Comerica") motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 77). Plaintiff LML Patent Corp. ("LML") filed suit against Comerica for alleged infringement of United States Patent No. RE 40,220 ("the '220 Patent"). Comerica contends that the suit must be dismissed because the Amended Complaint fails to identify any accused product or service offered by Defendant and fails to allege any facts that would make a claim of patent infringement against any Defendant plausible. The Court disagrees. For the reasons stated below, the court DENIES Comerica's motions to dismiss.

**II. Analysis**

**A. Applicable Law Regarding Motions to Dismiss**

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss

1

under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Federal Circuit has noted that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).

### B. Assertion of Accused Products in the Amended Complaint

Comerica argues that the Amended Complaint is insufficient because it fails to identify a single product or service that Plaintiff accuses of infringing. The Court disagrees with Comerica's contention that *Twombly* and *Iqbal* require a patentee to identify a specific product by name in its complaint. Granted, the Court recognizes that identifying at least one specific product by name should not be difficult if the attorney has conducted a sufficient Rule 11 investigation. *See, e.g., Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002) ("As applied by this court, Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims.") (citing *View Eng'g, Inc. v. Robotic*

*Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).   The Court also recognizes that the Plaintiff in this case has not identified a single product or service by name in its Amended Complaint.   The Court, however, concludes that the pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint.  *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, 6:09-cv-269, Dkt. No. 189 at 6 (E.D. Tex. Mar. 29, 2010) ("The Court does not require in a complaint the specificity that P.R. 3-1 requires, as that would go far beyond Rule 8's and Form 18's requirements …" )   To be sure, the Federal Rules of Civil Procedure's Appendix of Forms contains examples of pleadings that comply with the rules. *See* Fed. R. Civ. P. 84. ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").   Form 18 provides a sample patent infringement complaint:

> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands: (a) a preliminary and final injunction against the continuing infringement; (b) an accounting for damages; and (c) interest and costs.

Fed. R. Civ. P. Form 18 (2007). "The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18.   To hold otherwise would render Rule 84 and Form 18 invalid." *Bedrock,* 6:09-cv-269, Dkt. No. 189 at 4 (citing *Twombly*, 550 U.S. at 569 n.14; *McZeal*, 501 F.3d at 1360).

In this case, Plaintiff's Complaint states that "Defendants provide products and services for *payment services* that fall within one or more claims of the '220 Patent" (Dkt. No. 57, ¶ 14)

(emphasis added). *See* Fed. R. Civ. P. Form 18 (accusing "electric motors"). That is, similar to the electric motor example provided in Form 18, the Amended Complaint identities the general category of accused product and services as "payment services." Accordingly, Plaintiffs' Amended Complaint contains enough detail to allow Defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. *McZeal*, 501 F.3d at 1357 ("It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."). The Court therefore denies Comerica's motion to dismiss the complaint.

### C. Induced and Contributory Infringement

Comerica alleges that the complaint is also deficient because it fails to allege the additional elements required to establish induced and contributory infringement. But, as explained in *Twombly*, a complaint does not require "detailed factual allegations." *Twombly*, 550 U.S. at 555. Furthermore, this court has held, "[N]either [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403, at *8 (E.D. Tex. Aug. 29, 2008). Therefore, the motion to dismiss for failure to state a claim of induced and contributory infringement is denied.

### III. Conclusion

For the reasons stated above, Comerica's motion to dismiss is DENIED.

It is SO ORDERED.

SIGNED this 24th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE